Philip Rosenbach
**BERMAN ROSENBACH, LLC**
150 Morristown Road, Suite 200
Bernardsville, New Jersey 07924
(908) 992-7720 x2
pr@brglaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT DARIO ORTIZ LOPEZ, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DARIO EVANGELISTA ORTIZ DE LA HOZ A/K/A DHARIO PRIMERO, | : : : : : | **CIVIL ACTION** |
| | : | **DOCKET NO. _____** |
| | : | |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT** |
| | : | |
| RR ENTERTAINMENT MUSIC CORP., RANPHYS DARIO ORTIZ DE LEON, and RAPHAEL DARIO ORTIZ DE LEON, | : : : : | |
| Defendants. | | |

Plaintiff Robert Dario Ortiz Lopez (hereafter "Plaintiff"), as personal representative of the estate of Dario Evangelista Ortiz De La Hoz a/k/a Dhario Primero, (hereafter "Decedent"), through his attorneys, Berman Rosenbach, LLC, by way of complaint against Defendants RR Entertainment Music Corp. (hereafter "RRE"), Ranphys Dario Ortiz de Leon (hereafter "Ranphys"), and Raphael Dario Ortiz de Leon (hereafter "Raphael", collectively "Defendants"), alleges as follows:

### I.      LOCAL RULE 10.1 PARTIES AND ADDRESSES

1.      Plaintiff Robert Dario Ortiz Lopez, resides at 1001 Webb Court, Kissimmee, Florida 34744.

2. Defendant RR Entertainment Music Corp. has its principal place of business at 27 Arlington Blvd., 2nd Floor, North Arlington, New Jersey 07031.

3. Defendant Ranphys Dario Ortiz de Leon resides at 27 Arlington Blvd., 2nd Floor, North Arlington, NJ 07031.

4. Defendant Raphael Dario Ortiz de Leon resides at 5394 Steven Road, Boynton Beach, Fla 33472.

## II.    NATURE OF THE ACTION

5. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.; violations of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202; trademark infringement under 15 U.S.C. § 1114(1); and breach of fiduciary duty arising from the unauthorized use of Plaintiff's copyrighted works and the abuse of a familial relationship at Plaintiff's expense. Plaintiff seeks monetary damages, declaratory and injunctive relief, and other remedies as provided by law.

## III.    JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) (Copyrights), and 1338(b) (claim of breach of fiduciary duty substantially related to the claim under the copyright).

7. This Court has personal jurisdiction over Defendants because they reside, conduct business, and have committed infringing acts in this District.

8. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the acts of infringement occurred in this District.

## IV.    PARTIES

9. Plaintiff is the representative of the estate of Decedent Dario Evangelista Ortiz De La Hoz, who passed away on May 13, 2025. Decedent was known by his stage name as Dhario Primero

and was a singer, songwriter, and performer who owned valid copyrights registered with the United States Copyright Office and associated intellectual property rights.

10.    Defendant RR Entertainment Music Corp. is a New Jersey Corporation engaged in business activities in this District and is responsible for the infringing acts described herein.

11.    Defendant Ranphys Dario Ortiz de Leon is engaged in business activities in this District and is responsible for the infringing acts described herein.

12.    Defendant Raphael Dario Ortiz de Leon is engaged in business activities in this District and is responsible for the infringing acts described herein.

V.    **FACTUAL BACKGROUND**

A.    **Plaintiff's Copyright Ownership**

13.    Plaintiff as the representative of Decedent's estate is the rightful owner of the copyrights to the sound recordings of the musical compositions inclusive of the following:

| Album Title | Songs in Album | Registration Number / Copyright Case Number |
|---|---|---|
| **TRES AMIGOS A LA BUENA DE DIOS** | TRES AMIGOS, LA ENORME DISTANCIA, TENERTE YA ES UN VICIO, SIEMPRE QUIERO, AMAR SIN RAZONAR, DEFINITIVAMENTE ME VOY, DETENTE POR FAVOR, YO SOY ASI, TENGO UN SECRETO DE AMOR, MADRE OYE MI VOZ | SR0000661886 |
| **De Dhario Primero al legendario Sandro de America... Tributo.** | TRIBUTO (POPURRI), NOCHE DE AMANTES, LA VIDA CONTINUA, COMO LO HICE YO, ME AMAS Y ME DEJAS, PAGINAS SOCIALES, PORQUE YO TE AMO, ASI, TE PROPONGO, ELISA, PARIS ANTE TI, PENAS, PENUMBRAS, SIN SENTIDO | SR0000661871 |
| **GRAN HOMENAJE A LOS GRANDES DE LA BACHATA** | MERCEDITA, DOS ROSAS, TE PERDONO, QUEMA ESAS CARTAS, ESCLAVO DE TU AMOR, ARBOLITO, LLANTO DE LUNA, LA CAMA VACIA, PENA, LINDO QUERUBIN, SERPIENTE HUMANA, PENA DE HOMBRE, HIJO SIN PADRE, QUE SERA DE MI, MUERO CONTIGO, BORRACHO DE AMOR | SR0001021513 |
| **AÑORANZAS BACHATERAS** | ESCLAVO DE TU AMOR (CON VIOLINES), ESCLAVO DE TU AMOR, LLANTO DE LUNA, | SR0001021521 |

3

| | | |
|---|---|---|
| | MERCEDITA, QUE SERA DE MI, DOS ROSAS, QUEMA ESAS CARTAS, LA CAMA VACIA, PENA DE HOMBRE, TE PERDONO, ARBOLITO, SERPIENTE HUMANA, MUERO CONTIGO, BORRACHO DE AMOR, PENA, LINDO QUERUBIN, HIJO SIN PADRE, LA CAMA VACIA | |
| **ESTAMPAS** | TIO JUAN, YA TODO ACABO, SIN TI, ESPERANDOTE, NADIE COMO ELLA, TE HICE MUJER, LAGRIMAS MUERTAS, CANCION PARA UN ESPOSO TRISTE, COMPLETAMENTE SOLO, LLEGA EL INVIERNO | SR0001021520 |
| **MIS PASOS POR EL ARTE** | LA DISTANCIA ES SOLO UNA PRUEBA, MI MANERA, SED DE AMOR, EN MEMORIA A MAMA, TU RECUERDO ES MI AMOR, DETRAS DE LA CORTINA, VENGO A OCUPAR MI LUGAR, LA CUMPARSITA, VIEJO AMIGO DOLOR, ESTA DORMIDA, LO QUE TE QUEDA, CUALQUIERA, HIJO SIN PADRE, LA ENORME DISTANCIA, UNA MIRADA TRISTE Y RISUEÑA, LA DISTANCIA DA TRISTEZA, POR TI MUJER, CARMEN, CANTO AL SUPREMO, VAMOS MUCHACHOS ADELANTE | SR0001021516 |
| **GRACIAS POR ESPERAR** | A ESA MUJER,QUE TAL OSCURIDAD,BELLA LUZ,HELLO MY DARLING,HIJA DE LA OSCURIDAD,FELLITO C,TRISTE INVENTARIO,UN MENSAJE AL MUNDO | SR0001022091 |
| **10 Other Unpublished Works** | EL ECO DE TU ADIOS, VIEJA AMIGA, TU RECUERDO ES MI AMOR, VIEJO AMIGO DOLOR, LA DISTANCIA ES SOLO UNA PRUEBA (BACHATA), UN MAL NECESARIO, CUANDO UN AMIGO ESTÁ PRESO, ESTA NOCHE LA PASO CONTIGO, ME CAI DE UNA NUBE, LO QUE NO SE DEBIA SABER | SRu001592025 |
| **2 Other Unpublished Works** | LO QUE NO SE DEBIA SABER, LA ÚLTIMA CANCIÓN | SRu001592010 |
| **Selecciones** | MUJER DE PIEL CANELA, SIN TI, MAGALLY, CANTO A LAS MADRES, CANTO AL SUPREMO, EL HOMBRE DEL JUEGO, CANARIO, SUENO, GUITARRA LLORA CONMIGO, YO VOLVERE | PUBLISHED IN 1981 |
| **15 Aniversario** | LA DISTANCIA ES SOLO UNA PRUEBA, MI MANERA, DETRAS DE LA CORTINA, SED DE AMOR, CARMEN TU BIEN SABES, VOY A MORIR EN ESTA SOLEDAD, VAMOS MUCHACHOS ADELANTE, A MI QUERIDA MADRE,YO SOY SU AMANTE, UNA MUCHACHA LLAMADA MAGALLY, TU RECUERDO ES MI AMOR, NO VOLVERE A QUERER, POR QUE NO CANTA EL | PUBLISHED IN 1986 |

4

| | CANARIO, ALELUYA AL SENOR, EN LA REGION DEL NORTE, CREO EN TI | |
|---|---|---|
| **Tu Recuerdo es mi Amor** | TU RECUERDO ES MI AMOR, UNA MIRADA TRISTE Y RISUENA, MI MANERA, DETRAS DE LA CORTINA, SED DE AMOR, VOY A MORIR, CUALQUIERA, CARMEN LUZ | PUBLISHED IN 1982 |

Collectively the "Works."

B.  **Plaintiff's Trademark Ownership**

14.  On August 16, 2024, Decedent applied to the United States Patent and Trademark Office to register the word mark "Dhario Primero", which trademark was granted and registered on August 19, 2025 with registration number 7,897,681.

15.  The "Dhario Primero" trademark is registered under international class 9 and covers the following goods and services: Audio and video recordings featuring music and artistic performances; Audio recordings featuring music; Audio tapes featuring music; Cases for studio audio monitors for music production; Compact discs featuring music; Digital music downloadable from the Internet; Downloadable music files; Downloadable music files authenticated by non-fungible tokens (NFTs); Downloadable audio recordings featuring music anthologies; Downloadable audio recordings featuring music authenticated by non-fungible tokens (NFTs); Downloadable computer programs for processing digital music files; Downloadable computer software for creating music videos; Downloadable computer software for creating and editing music and sounds; Downloadable computer software for processing digital music files; Downloadable digital music files authenticated by non-fungible tokens (NFTs); Downloadable electronic sheet music; Downloadable graphic art reproductions; Downloadable image file containing artwork, text, audio, video, games and Internet Web links relating to sporting and cultural activities; Downloadable multimedia files containing artwork relating to a musical artist; Downloadable multimedia files containing artwork, text, audio, and video relating to a musical

5

artist authenticated by non-fungible tokens (NFTs); Downloadable multimedia files containing artwork, text, audio, video, games, and Internet Web links relating to a musical artist; Downloadable printable music staff paper; Phonograph records featuring music; Pre-recorded DVDs featuring music; Pre-recorded record albums featuring music; Prerecorded audio tapes featuring music; Prerecorded video cassettes featuring music; Prerecorded video tapes featuring music; Protective carrying cases for portable music players; Studio audio monitors for music production; Visual recordings and audiovisual recordings featuring music and animation.

16.     On April 17, 2026, the "Dhario Primero"mark was assigned to Decedent's estate.  This assignment is recorded in the records of the Patent and Trademark Office at Reel/Frame 9174/0170. This trademark is currently in effect.

### C.     Defendants' Infringing Conduct

17.     On or about March 4, 2008 Decedent appointed defendant Ranphys as Decedent's attorney-in-fact pursuant to a Power of Attorney which was given for the limited purpose of representing Decedent's interests in a legal action involving Decedent in New Jersey.

18.     Unbeknownst to Decedent who is not a native English speaker and whose English is very limited, defendant Ranphys, with the assistance of his own attorney, prepared a broad power of attorney in the English language which Power of Attorney gave defendant Ranphys powers not contemplated by Decedent. No Spanish version or translation of the Power of Attorney was provided to Decedent.

19.     Abusing and going beyond the authority provided by the Power of Attorney, defendant Ranphys thereafter copied, reproduced, promoted, distributed, adapted, or publicly displayed some or all of the Works.

6

20.    Because of an ongoing medical condition, Decedent was unaware of Ranphys's wrongful actions.

21.    On or about March 10, 2015, Decedent revoked the 2008 Power of Attorney. Upon and as a result of that revocation, defendant Ranphys had no further rights thereunder, including any right to copy, reproduce, promote, distribute, or publicly display any of the Works.

22.    Notwithstanding the revocation of the 2008 Power of Attorney, defendants Ranphys and defendant Raphael, operating under RRE, have continued through the present without authorization to willfully copy, reproduce, promote, distribute, adapt, or publicly display the Works and Decedent's likeness, and have used Decedent's professional reputation for their own commercial and economic gain.

23.    Defendants have taken the following wrongful actions:

  a.  Defendants have been impersonating Decedent, posting materials on social media sites including but not limited to Facebook, X, and Instagram, causing confusion and infringing on Decedent's ownership rights of the Works.

  b.  Defendants, by claiming ownership of the Works, have undertaken efforts (in many cases succeeding) to deactivate Decedent's social media accounts including Instagram, Facebook, TikTok, and X.

  c.  Defendants have falsely claimed ownership of the Works on various social media and music publishing platforms including, but not limited to, Facebook, YouTube, TikTok, X, TuneCore, Apple Music, Spotify, VEVO and Instagram, without either Plaintiff's or Decedent's permission.

  d.  Defendants have released new albums of the Works without Plaintiff's or Decedent's permission or consent.

e.  Defendant Ranphys, in response to Decedent's requests to various online platforms to cease and desist from publishing the Works, submitted numerous counter notices on behalf of RRE, including to YouTube, TuneCore, Instagram, Facebook, TikTok, and X, falsely asserting ownership of the Works and claiming that the removal of Defendants' infringing videos from these platforms were not justified. Those counter notices misrepresented the ownership of the Works, claiming ownership by defendant RRE and depriving Plaintiff and Decedent of ownership and control rights to the Works, and further demanded reinstatement of the disputed videos claiming that they were removed under false pretenses.

f.  As a general matter, defendant Ranphys continues to falsely claim that the Works are owned by defendant RRE and to misrepresent the true ownership of the Works to these various online platforms.

g.  Defendants have created artwork or otherwise reproduced images and artwork (e.g., album covers, promotional materials) using the registered mark "Dhario Primero" and Decedent's likeness.

h.  Defendants also affixed false copyright management information to the Works and falsely represented their origin in a manner that has misled and deceived consumers, resulting in harm to Plaintiff.

i.  Defendants have created fraudulent and fictitious documents purporting to be official documents issued in the Dominican Republic establishing their rights to the Works.

24. Via a "Revocation of Power of Attorney" dated September 18, 2024, which revocation was served on Defendants, Decedent once again made clear to Defendants therein that they were forbidden from engaging in any business activity concerning the Works.

25. A further revocation of the 2008 Power of Attorney took effect as a matter of law when Decedent passed away on May 13, 2025.

26. On or about October 30, 2024, Decedent sent Defendants a "Demand to Cease and Desist" (the "Demand Letter"), demanding that defendants cease all activities infringing on the Works, and further demanding that Defendants turn over control to all social media and publication accounts using Decedent's trademarked stage name and likeness to promote the Works, including, but not limited to the following: https://www.youtube.com/@DharioPrimero; https://www.instagram.com/dharioprimero/; https://www.tiktok.com/@dharioprimero; www.dharioprimero.com; www.dharioprimero.net; https://x.com/DharioPrimero; TuneCore (Spotify, Pandora, VEVO, Apple Music, Instagram Music, Facebook Music); Amazon Store; and other yet to be identified publication platforms.

27. Defendants failed to abide by the demand or to otherwise respond to Decedent's Demand Letter.

28. On multiple occasions, Defendants have instead demanded $150,000.00 from Decedent in return for control of the Works and online accounts.

29. Defendants have not been granted an exclusive or nonexclusive license with respect to the Works by Decedent.

30. Plaintiff and Decedent have not received royalties or compensation from Defendants.

31. Defendant's actions have harmed Decedent's reputation and artistic presence.

## COUNT I
### Copyright Infringement
### (17 U.S.C. § 501)

32.    Plaintiff repeats and incorporates by reference the allegations above as if set forth at length herein.

33.    Defendants have infringed and continue to infringe on Plaintiff's exclusive rights under 17 U.S.C. § 106 by copying, reproducing, and distributing Decedent's copyrighted Works without authorization.

34.    The infringement is willful, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c).

35.    As a result of this continuing infringement, Plaintiff is entitled to judgment for compensatory damages, Defendants' profits, statutory damages, attorney's fees, and injunctive relief.

## COUNT II
### Violation of the Digital Millennium Copyright Act
### (17 U.S.C. § 1202)

36.    Plaintiff repeats and incorporates by reference the allegations above as if set forth at length herein.

37.    Defendants knowingly removed or altered copyright management information associated with Decedent's Works.

38.    Defendants affixed false copyright management information with the intent to facilitate infringement.

39.    As a result of these wrongful actions, Plaintiff is entitled to judgment for statutory damages up to $25,000 per violation under 17 U.S.C. § 1203(c).

## COUNT III
### Trademark Infringement

40.     Plaintiff repeats and incorporates by reference the allegations above as if set forth at length herein.

41.     Plaintiff is the owner of the valid registered trademark "Dhario Primero."

42.     Defendants have used the "Dhario Primero" mark in commerce in connection with the promotion, distribution, streaming, sale, and advertising of music and related media without authorization.

43.     The Defendants' unauthorized use of the trademark has created and continues to create a likelihood of confusion as to source, affiliation, or sponsorship of goods or services marketed using the trademark "Dhario Primero."

44.     Defendants' conduct has been intentional and willful.

45.      As a result of Defendants' unauthorized use of the trademark, Plaintiff has suffered injury in the nature of lost sales and profits, injury to goodwill, and reputational harm.

## COUNT IV
### Common Law Breach of Fiduciary Duty

46.     Plaintiff repeats and incorporates by reference the allegations above as if set forth at length herein.

47.     As Decedent's attorney-in-fact, defendant Ranphys owed Decedent a fiduciary duty to represent Decedent in the limited matter for which Decedent believed he was providing Ranphys with the Power of Attorney.

48.     This fiduciary duty included the duty not to use or abuse the Power of Attorney such that harm would result to Decedent or his property.

11

49.     Defendant Ranphys breached this fiduciary duty to Decedent by assuming control over the Works for Defendants' own financial gain and to Decedent's detriment.

50.     As a direct and proximate cause of defendant Ranphys' breach of his fiduciary duty owed to Decedent, Plaintiff has been injured.

## COUNT V
### Common Law Misappropriation of Commercial Likeness

51.     Plaintiff repeats and incorporates by reference the allegations above as if set forth at length herein.

52.     Decedent's name, stage name, likeness, image, identity, artistic persona, and professional reputation has possessed and continues to possess substantial commercial value and goodwill.

53.     Defendants, without authorization, have used and continue to use Decedent's name, stage name, likeness, image, identity, artistic persona, and professional reputation in connection with the promotion, publication, distribution, streaming, advertising, and commercialization of music, recordings, social media accounts, artwork, and related materials.

54.     Defendants' unauthorized use of Decedent's identity and persona has been undertaken for Defendants' own commercial and financial gain.

55.     Defendants' conduct has created and continues to create confusion concerning the source, sponsorship, affiliation, or approval of Defendants' activities and publications.

56.     Defendants' conduct has been intentional, willful, and undertaken in reckless disregard of Plaintiff's rights.

57.     As a result of Defendants' unauthorized conduct, Plaintiff has suffered and continues to suffer injury including loss of goodwill, reputational harm, loss of commercial opportunities, and related damages.

12

**WHEREFORE**, Plaintiff requests that the Court enter judgment granting the following relief:

1.    Declaring that Defendants have infringed Plaintiff's copyright to the Works.

2.    Declaring that Defendants' actions have violated the Digital Millennium Copyright Act.

3.    Declaring that Defendants have infringed the trademark "Dhario Primero."

4.    Awarding damages including:

    a.    Actual damages and Defendants' profits, or statutory damages.

    b.    Punitive damages.

    c.    Enhanced statutory damages for willful infringement.

5.    Permanently enjoining the defendants from engaging in further infringing acts.

6.    Awarding costs and attorney's fees under 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and any other applicable laws.

7.    Awarding prejudgment interest.

8.    Awarding any additional relief deemed just and proper by the Court.

**Berman Rosenbach, LLC**
150 Morristown Road, Suite 200
Bernardsville, NJ 07924
pr@brglaw.com
Attorneys for Plaintiff
By: *Philip Rosenbach*
Philip Rosenbach

May 18, 2026