**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERTO DARIO ORTIZ LOPEZ, | |
| Plaintiff, | No. 26-cv-5658 |
| v. | |
| RR ENTERTAINMENT MUSIC CORP., *et al.*, | **OPINION** |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is *Pro Se* Defendants Ranphys Dario Ortiz de Leon and Raphael Dario Ortiz de Leon's Motion to Dismiss (the "Motion"), ECF No. 8. The Court decides the Motion without oral argument. Fed. R. Civ. P 78(b). For the reasons stated herein, the Motion is **DENIED**.

### I.     BACKGROUND

Plaintiff Robert Dario Ortiz Lopez ("Plaintiff"), as personal representative of the estate of Dario Evangelista Ortiz De La Hoz a/k/a Dhario Primero ("Decedent"), filed a Complaint asserting claims of copyright infringement, a violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1201 *et seq.*, trademark infringement, and common law claims of breach of fiduciary duty and misappropriation of Decedent's likeness. *See* Compl. ¶¶ 32-57, ECF No. 1. The allegations, which the Court accepts as true for the purposes of deciding the Motion, are as follows.

Decedent, a singer and songwriter who performed under the stage name "Dhario Primero," passed away on May 13, 2025. *Id.* ¶ 9. Plaintiff, as representative of Decedent's estate, is the copyright owner of several sound recordings (the "Recordings"), *id.* ¶ 13, as well as the trademark over his stage name. *Id.* ¶ 14. On or about March 4, 2008, Decedent executed a power of attorney purporting to authorize Defendant Ranphys Dario Ortiz De Leon ("Ranphys") to act on his behalf for the limited purpose of representing his interest in a legal action in New Jersey (the "Power of Attorney" or "PoA"). *Id.* ¶ 17. Ranphys, through counsel, prepared the PoA, which granted him "powers not contemplated by Decedent." *Id.* ¶ 18. Decedent, described as having limited English-speaking abilities, was unaware of the PoA's breadth, as he was never provided with a copy translated into his native Spanish. *Id.* Decedent later revoked the PoA on or about March 10, 2015. *Id.* ¶ 21.

Despite the Power of Attorney's revocation, Ranphys and Defendant Raphael Dario Ortiz De Leon ("Raphael"), operating under Defendant RR Entertainment Music

1

Corporation ("RR Entertainment"),[1] have engaged in the systematic abuse of Plaintiff's intellectual property rights for their own financial benefit, including by (1) impersonating Decedent on social media; (2) claiming ownership of the Recordings; (3) releasing new albums containing the Recordings without Plaintiff's consent; and (4) creating artwork using the "Dhario Primero" trademark and Decedent's likeness. *Id.* ¶ 23; *see also id.* ¶ 29 (stating the Defendants have not been granted a license to use any of the Recordings). After Plaintiff sent Defendants a demand letter, *id.* ¶ 26, an action was commenced in federal court naming Decedent as Plaintiff. *See De La Hoz v. RR Ent. Music Corp.*, No. 25-cv-4231, ECF No. 1 (D.N.J. May 14, 2025) (the "Prior Action"). The Court dismissed the Prior Action for lack of subject matter jurisdiction, *De La Hoz v. RR Ent. Music Corp.*, No. 25-cv-4231, 2026 WL 25947, at *3 (D.N.J. Jan. 5, 2026) (the "Prior Opinion"), but noted that dismissal "d[id] not preclude a new action". *Id.* at *3 n.3. Thereafter, Plaintiff commenced the instant action. The Motion followed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for a complaint's dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only if, after construing all well-pleaded allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint lacks "sufficient factual matter to show that the claim is facially plausible." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citation modified). The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In deciding the Motion, the Court considers the documents "integral to or explicitly relied on in the complaint," such as the Power of Attorney. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation modified); Defs.' Br. Ex. F, ECF No. 9 (incorporated by reference at Compl. ¶¶ 17-22).

## III.   DISCUSSION

Defendants advance multiple reasons why the Complaint should be dismissed. The Court addresses each in turn.

### a.   Preclusion

Defendants claim that the Complaint is barred by the doctrines of issue preclusion and claim preclusion. Defs.' Br. 1 (arguing that "issues of ownership and control over the [Recordings] were previously resolved in this Court"). Neither doctrine is applicable here because the Prior Opinion was not a final adjudication on the merits. *Tucker v. Sebelius*, No. 12-cv-5900, 2013 WL 6054552, at *6 (D.N.J. Nov. 15, 2013) (recognizing final

---

[1] As noted in the Prior Opinion, corporations such as RR Entertainment cannot appear *pro se*. *De La Hoz*, 2026 WL 25947, at *1 n.1. RR Entertainment is still unrepresented by counsel. Accordingly, Plaintiff obtained a Clerk's entry of default against RR Entertainment. *See* Fed. R. Civ. P. 55(a); ECF No. 11.

judgment on the merits as an element of both doctrines); Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction is not merits-based).[2]

### b. Impermissible Group Pleading

Next, Defendants submit that the Complaint should be dismissed because it constitutes impermissible group pleading. Defs.' Br. 3. The Court disagrees, as Plaintiff alleges that Ranphys and Raphael acted jointly under the operation of RR Entertainment to commit the allegedly infringing acts. *See* Compl. ¶¶ 22-23; *Corbin v. Bucks Cnty.*, 703 F. Supp. 3d 527, 533 (E.D. Pa. 2023).

### c. Failure to State a Claim

Lastly, Defendants contend that the Complaint fails to state a claim because Decedent validly transferred the intellectual property rights at issue to Ranphys via a contract dated February 25, 2008 (the "Contract"). Defs.' Br. 1 (citing Ex. E).

One must have ownership rights in a given work in order to claim copyright or trademark protection. *See Carlin v. Bezos*, 649 F. App'x 181, 182 (3d Cir. 2016) (copyrights); *New Balance Athletics, Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, 424 F. Supp. 3d 334, 346 (D. De. 2019) (trademarks). The Complaint, however, states that (1) Decedent's estate is the rightful owner of copyrights over the Recordings and trademark protection for his stage name, Compl. ¶¶ 13-15; (2) the Power of Attorney did not operate to transfer these rights to Defendants, *id.* ¶¶ 17-20; and (3) in any event, Decedent revoked the Power of Attorney in March 2015. *Id.* ¶ 21.

While Defendants counter that Decedent's rights were voluntarily transferred via the Contract, that does not warrant dismissal for two reasons. First, because the Contract is not mentioned in the Complaint, it is not "integral" thereto, so the Court may not consider it at this stage. *See Buechler v. Gannett Co., Inc.*, No. 22-cv-1464, 2023 WL 6389447, at *1 (D. De. Oct. 2, 2023). Second, at this juncture, the Court is obligated to consider all of Plaintiff's well-pleaded allegations as true. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The parties are reminded that they can revisit these issues during discovery. Thus, Defendants' arguments fail.

Finally, Defendants do not seriously dispute that the Complaint pleads the remaining elements of each of its counts. The Court, therefore, concludes that Plaintiff's claims are viable. *See* Compl. ¶¶ 13, 23 (copyright infringement and DMCA violation); *id.* ¶¶ 14-16, 23(a), 43 (trademark infringement); *id.* ¶¶ 47-50 (breach of fiduciary duty); *id.* ¶¶ 22, 52-57 (misappropriation of likeness).

---

[2] Ordinarily, the Prior Opinion's dismissal with prejudice for lack of subject matter jurisdiction would operate as a final adjudication on the merits. *See Papera v. Penn. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020). The Prior Opinion, however, expressly contemplated the filing of a new action. *De La Hoz*, 2026 WL 25947, at *3 n.3 ("Dismissal here does not preclude a new action"). For the avoidance of doubt, the Court *sua sponte* issued an order pursuant to Federal Rule of Civil Procedure 60(a) modifying the Order in the Prior Action to constitute a dismissal *without* prejudice. *De La Hoz v. RR Ent. Music Corp.*, No. 25-cv-4231, ECF No. 38. Thus, the Prior Opinion has no claim-preclusive effect.

3

## IV.    CONCLUSION

For these reasons, the Motion is **DENIED**.  An appropriate order follows.

July 2/2026

WILLIAM J. MARTINI, U.S.D.J.